UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD G. MARTINEZ,<br>    Petitioner,<br><br>    v.<br><br>WARDEN CHAPDELAINE,<br>    Respondent. | No. 3:15-cv-894 (SRU) |

## RULING ON MOTION TO DISMISS

Petitioner, Edward G. Martinez, an inmate currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Martinez challenges his 2008 Connecticut convictions for sexual assault and risk of injury to a minor. The respondent moves to dismiss the petition. For the reasons set forth below, the motion is granted.

**I.    Procedural Background**

In 2008, a jury in the Connecticut Superior Court for the Judicial District of Hartford convicted Martinez of five counts of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a)(2) and two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a–21(a)(2). *See* Pet. Writ Habeas Corpus at 4-5. On December 17, 2008, a superior court judge sentenced Martinez to a total effective sentence of fifty years. *See id.* at 5. Martinez states that he appealed his convictions, but he does not indicate the outcome of the appeal. *See id.* at 6-7.

In 2014, Martinez filed a petition for writ of habeas corpus in state court. *See Martinez v. Warden*, No. CV14-4006410-S (Conn. Super. Ct. Jul. 24, 2014). The petition includes five grounds

and remains pending in state court. *See* Pet. Writ Habeas Corpus, [Doc. No. 1] at 22-23. Martinez filed the present petition on June 10, 2015. It fails to include any grounds for relief.

## II.     Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting the exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1), is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights.").

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain

relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

## III. Discussion

The respondent moves to dismiss the petition on the ground that it fails to include any grounds for relief. In addition, the respondent argues that to the extent that the petition seeks to raise the claims currently being pursued by Martinez in a state habeas petition, it must be dismissed because those claims have not been fully exhausted. Martinez has not responded to the motion to dismiss.

Rule 2(c) of the Rules Governing Section 2254 Petitions in the United States District Courts requires that a habeas petition "specify all the grounds for relief" sought, "state the facts supporting each ground" and include "the relief requested." The petition does not meet the requirements of this rule.

Although Martinez indicates that he appealed his convictions, he does not provide any information about the date of any decision by the Connecticut Appellate or Supreme Court. Research reveals that the Connecticut Appellate Court affirmed the judgment of conviction on May 15, 2012. *See State v. Edward M.*, 135 Conn. App. 402, 41 A.3d 1165 (2012). Martinez raised multiple grounds for relief on appeal to the Connecticut Appellate Court. *See id.* The Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court on June 26, 2012. *See State v. Edward M.*, 305 Conn. 914, 46 A.3d 172 (2012).

In addition to the 2014 state habeas petition that Martinez makes reference to in the present petition, the respondent provides evidence that Martinez filed a state habeas petition in 2009

3

challenging his conviction on the ground that trial counsel had been ineffective. *See Martinez v. Warden, State Prison*, No. CV094003165S, 2012 WL 3064828, at *1-2 (Conn. Super. Ct. May 10, 2012). On May 10, 2012, a Superior Court judge denied the petition. Martinez appealed that decision. On February 11, 2004, the Connecticut Appellate Court disposed of the appeal. *See* Mot. Dismiss, [Doc. No. 6], Ex. C. It is unclear whether Martinez appealed the decision of the Connecticut Appellate Court.

It is also unclear whether Martinez seeks to proceed with respect to claims that may have been raised on direct appeal of his conviction or in the first or second habeas petitions filed in state court. At this time, it seems apparent that the grounds raised in the two state habeas petitions have not been fully exhausted. Furthermore, it is unclear whether all or some grounds that were raised on direct appeal of Martinez's conviction to the Connecticut Appellate Court were also raised in the petition for certification to the Connecticut Supreme Court. As such, I will not construe the present habeas petition as raising any particular grounds that may have been asserted by the petitioner either on direct appeal or on collateral review in a state habeas petition.

The motion to dismiss is granted on the ground that the petition fails to comply with Rule 2(c) of the Rules Governing Section 2254 Petitions in the United States District Courts. The petition for writ of habeas corpus is dismissed without prejudice.

**IV.   Conclusion**

The Respondent's Motion to Dismiss [**Doc. No. 6**] is **GRANTED**. The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice. I conclude that jurists of reason would not find it debatable that the petition lacks any grounds for relief, and a certificate of appealability will therefore not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that,

when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

To the extent that he seeks to proceed with claims that have been fully exhausted in state court either on direct appeal or on collateral review in a state habeas petition, I will permit Martinez to file an amended petition. Any amended petition must be submitted on a court form, specify the grounds for relief and the facts supporting those grounds and be filed within thirty days of the date of this order.  **However, Martinez is cautioned that 28 U.S.C. § 2244(b) bars consideration of most "second or successive" habeas petitions under section 2254. Therefore, if he files an amended petition and proceeds only with respect to claims that have already been exhausted, with the intention of waiting to present unexhausted claims in a later petition after those claims have been exhausted in state court, he will run the risk that his later petition will not be considered because it will be a second or successive petition.**

If Martinez chooses not to file an amended petition within the time specified, the Clerk is directed to enter judgment for the respondent and close this case. **If Martinez decides to wait until his state habeas claims have been exhausted, neither this ruling nor entry of judgment shall operate to preclude him from filing a timely habeas petition at a later date.** The Clerk shall send the petitioner a section 2254 petition for writ of habeas corpus form with a copy of this ruling.

SO ORDERED at Bridgeport, Connecticut this 27th day of January 2016.

        /s/ STEFAN R. UNDERHILL
        Stefan R. Underhill
        United States District Judge